UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
DIRECT ENERGY BUSINESS MARKETING, LLC,  :
:
              Plaintiff,  :
:     22 Civ. 3366 (JPC)
     -v-  :
:     <u>ORDER</u>
ECTOR COUNTY ENERGY CENTER LLC *et al.*,  :
:
              Defendants.  :
:
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       On April 25, 2022, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1334, 1446, and 1452, and Federal Rule of Bankruptcy Procedure 9027, removing this action from New York Supreme Court, New York County, Commercial Division to this Court. Dkt. 1 at 1. On May 13, 2022, Defendants filed a letter motion requesting leave to file a motion to transfer this action, pursuant to 28 U.S.C. §§ 1404(a) and 1412, to the United States District Court for the District of Delaware for automatic referral to the United States Bankruptcy Court for the District of Delaware ("Delaware Bankruptcy Court"). Dkt. 18. Defendants argued that transfer of this action is warranted because "this action 'arises in' [Defendant Ector County Energy Center LLC]'s bankruptcy and is within the Delaware Bankruptcy Court's core jurisdiction." *Id.* at 1. Defendants also argued that this action should be transferred for the convenience of the parties and witnesses, and in the interest of justice because "the claims could be finally adjudicated in Delaware Bankruptcy Court." *Id.* at 2.

       Because Plaintiff did not file any response to Defendants' letter motion regarding their anticipated motion to transfer, on May 19, 2022, the Court directed the parties to "meet and confer and submit a joint letter by May 26, 2022 advising the Court as to whether Plaintiff intends to

oppose Defendants' anticipated motion for transfer and, if not, whether briefing on Defendants' motion is warranted." Dkt. 20 at 4.  On May 26, 2022, the parties filed a joint letter advising the Court that "Plaintiff will consent to Defendants' motion to transfer if Defendants agree and acknowledge that by granting the motion to transfer on consent, this Court is not addressing, resolving or otherwise ruling upon any of Defendants' grounds for transfer as set forth in Defendants' pre-motion letter . . . , including Defendants' position that Plaintiff's claims are the property of [Defendant Ector County Energy Center LLC]'s bankruptcy estate."  Dkt. 21 at 1.  Defendants advise that they "agree and acknowledge Plaintiff's above conditions to consent to the motion to transfer."  *Id.*  Accordingly, "[t]he Parties request that the Court grant Defendants' motion to transfer this action pursuant to 28 U.S.C. §§ 1404(a) and 1412 to the United States District Court for the District of Delaware for automatic referral to the United States Bankruptcy Court for the District of Delaware."  *Id.*

In light of Plaintiff's consent to transfer venue pursuant to 28 U.S.C. §§ 1404(a) and 1412, *see* Dkt. 21, it is hereby ORDERED that this action shall be transferred to the United States District Court for the District of Delaware.  In granting Defendants' transfer request, the Court neither addresses nor makes any findings as to any of Defendants' grounds for transfer as set forth in Defendants' pre-motion letter, dated May 13, 2022.  *See* Dkt. 18.

The Clerk of Court is respectfully directed to transfer this case to the United States District Court for the District of Delaware.  The Clerk of Court is further directed to close the letter motion pending at Docket Number 18, and to close this case.

SO ORDERED.

Dated: May 31, 2022
       New York, New York                          _____
                                                   JOHN P. CRONAN
                                                   United States District Judge